UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>             Plaintiff,<br><br>     v.<br><br>BRECKENRIDGE, *et al.*,<br><br>             Defendants. | Case No.  1:25-cv-01259-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(Doc. 5)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Background**

Plaintiff Pastor Isabel Vela, proceeding *pro se*, filed this civil action on September 23, 2025.  (Doc. 1.)  Plaintiff failed to pay the $405.00 filing fee or submit a completed application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Accordingly, on November 5, 2025, the Court directed Plaintiff to submit a completed and signed application to proceed *in forma pauperis* or, in the alternative, pay the $405.00 filing fee for this action within thirty days after service.  (Doc. 5.)  Plaintiff has not filed an application to proceed *in forma pauperis* or paid the filing fee, and the deadline in which to do so has expired.

**II.     Failure to Prosecute and Failure to Obey a Court Order**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46

1

F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's *in forma pauperis* application or payment of the filing fee is overdue, and she has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case, nor can the Court allow the case to remain idle on the docket awaiting Plaintiff's compliance. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order issued on November 5, 2025, warned Plaintiff that the failure to comply with the Court's order by filing an application to proceed *in forma pauperis* or paying the filing fee would result in dismissal of this action. (Doc.

1  5.) Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

2  Additionally, at this stage in the proceedings there is little available to the Court that
3  would constitute a satisfactory lesser sanction while protecting the Court from further
4  unnecessary expenditure of its scarce resources.  As Plaintiff has not submitted a completed
5  application to proceed *in forma pauperis* and has failed to pay the filing fee, monetary sanctions
6  likely would be of little use.  Further, the preclusion of evidence or witnesses is likely to have no
7  effect given that Plaintiff has ceased litigating this case**.**

8  **III.    Conclusion and Recommendation**

9  Having considered the relevant factors, the Court finds that dismissal is the appropriate
10 sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for
11 failure to obey a court order and for Plaintiff's failure to prosecute this action.

12 These Findings and Recommendation will be submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
14 **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written
15 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or**
17 **include exhibits. Exhibits may be referenced by document and page number if already in**
18 **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**
19 **considered.**  Plaintiff is advised that failure to file objections within the specified time may result
20 in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v.*
21 *Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394
22 (9th Cir. 1991)).

23
24 IT IS SO ORDERED.

25   Dated:   **December 15, 2025**            /s/ *Barbara A. McAuliffe*
26                                           UNITED STATES MAGISTRATE JUDGE
27
28

3